**HOPPER LABORATORIES, INC.,**

v.

**STANBIO LABORATORIES, INC., and
Charles E. Miles.**

**Civ. A. No. 68-249-SA.**

United States District Court,
W. D. Texas,
San Antonio Division.

Nov. 21, 1969.

Vinson, Elkins, Weems & Searls, by Joe E. Edwards, Houston, Tex., for plaintiff.

House, Mercer, House & Brock, by R. H. Mercer, San Antonio, Tex., for defendant.

JUDGMENT

GUINN, District Judge.

I.

Plaintiff, HOPPER LABORATORIES, INC., the owner of U. S. Patent # 3,001,950 (Plaintiff's Exhibit 1), and the owner of the right to bring suit for

past infringement against STANBIO LABORATORIES, INC., and CHARLES E. MILES, the principal owner, controlling stockholder, and president of Defendant STANBIO.

## II.

The patent before the Court relates to the determination of the level of cholesterol in human blood and claims a reagent made of acetic acid, acetic anhydride, and sulphuric acid. The reagent when mixed with blood serum in the proper proportions results in an emerald green solution which may be read in a colorimeter to determine the amount of light rays passing through the solution. By simple calculation the reading from the machine may be converted into a determination of the level of cholesterol in human blood.

## III.

The claims call for both the reagent and for a method of formulating a reagent. Each type of claim covers the combination of the three elements.

## IV.

The patent before the Court for the determination of the level of cholesterol in the human blood claims a reagent made of acetic acid, acetic anhydride and sulphuric acid. The evidence discloses that this combination has been known in the art for many years and long prior to the application for and issuance of Plaintiff's patent in September of 1961.

There were many articles published in the United States and in foreign countries which show that the composition and method of Plaintiff's patent were known or used by others in this country and in foreign countries.

## V.

The Plaintiff seeks recovery on this case on the basis of the time required in the other methods as compared with the time required in the method set forth in Plaintiff's patent. An analysis of the prior art and particularly of the Stern and Pearson (Plaintiff's Exhibit 34) method discloses that there is nothing new in Plaintiff's patent. Without the Stern and Pearson method it is possible that this patent could be sustained however, the Stern and Pearson method has the same reagents to bring about the color which is examined to determine the cholesterol in human blood. In the Stern and Pearson the serum is placed in a test tube, thereafter the reagents are added then the solution is allowed to stand to cool and the sulphuric acid is added. In the patent involved here the acetic anhydride and glacial acetic acid are placed in a flask and thereafter sulphuric acid is added, then the blood serum is added.

The Court adopts as its findings the findings of the Defendant as to the analysis of the prior art except as stated above.

■ The record discloses that the cholesterol reagent presently marketed by Defendants was sold prior to six years from the filing of the above entitled and numbered cause of action; any prior sale of a different cholesterol formulation by Standex Laboratories, the predecessor of Defendant Stanbio Laboratories, Inc., is barred by limitations.

■ Furthermore, Plaintiff's cause of action is barred by laches. On December 3, 1959, in an affidavit submitted to the Patent Office it was alleged that the invention was being infringed by Standex Laboratories, Stanbio's corporate predecessor; the Hopper patent was granted on September 26, 1961. In June, 1963, Defendant Stanbio Laboratories, Inc., was offered a license under said patent, which offer Stanbio rejected. Plaintiff stood idly by until December, 1966, when a license was again offered Defendants; such offer was again refused for the reasons of record. Under the circumstances Plaintiff is guilty of laches in not diligently pursuing the matter and this cause of action is dismissed with prejudice.

This Court has jurisdiction of the parties and the subject matter of this

action, 28 U.S.C. § 1338(a). Jurisdiction over the parties, subject matter and venue are not in controversy.

Claims 1–6 of United States Letters Patent No. 3,001,950 are invalid.

Furthermore, any cholesterol reagent manufactured and sold by Defendants more than six years prior to the filing of this suit is barred by limitations; any cholesterol reagent sold within the six years next preceding the filing of this suit is barred by laches.

No injunction shall issue in this cause of action.

It is, therefore, ordered, adjudged and decreed by the court that the Plaintiff Hopper Laboratories, Inc., take nothing by its suit and that the Defendants Stanbio Laboratories, Inc., and Charles E. Miles recover their costs, but not expenditures and attorney's fees.